**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 21-385-6 |
| GREGORY GRIFFIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the Court is Defendant Gregory Griffin's Petition for Permission to Accept Medical Treatment in which he requests that the Court modify his pretrial release conditions to permit him to use medical marijuana, which is opposed by the Government. (Docket Nos. 532, 551). After careful consideration of the parties' positions, Defendant's Petition will be denied.

### I.    BACKGROUND

On August 31, 2021, Defendant and 23 others were charged in Count One of the Indictment in this case with conspiracy to possess with intent to distribute and distribute 400 grams or more of fentanyl, 280 grams or more of crack cocaine, a quantity of cocaine, a quantity of heroin and/or a quantity of fluorofentanyl, in violation of 21 U.S.C. § 846. (Docket No. 3). Defendant was arraigned and had a detention hearing on September 14, 2021, at which time United States Magistrate Judge Patricia L. Dodge entered an order releasing him on a $10,000 unsecured appearance bond with conditions. (Docket Nos. 222, 223). Defendant's pretrial release conditions include the following: he must not violate federal, state, or local law; he must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed

1

by a licensed medical practitioner; and, he must submit to drug testing if required by the Pretrial Services Office. (Docket No. 223, ¶¶ 1, 7(m), 7(n)).

As set forth in Defendant's Petition, he was prescribed marijuana due to anxiety stemming from a traumatic brain injury. (Docket No. 532, ¶ 3). Defendant requests that he be permitted to use the prescribed marijuana while on pretrial release because he "believes that [it] would aid him greatly in controlling the disorders under which he labors." (*Id.*, ¶ 5). Defendant attached to his Petition what appears to be a certification by Dr. Arthur Santos for him to acquire a medical marijuana card from the Pennsylvania Department of Health in order to use marijuana for medicinal purposes. (Docket No. 532-2). Notably, however, Defendant did not supply his medical marijuana card, let alone explain how he plans to comply with Pennsylvania law relative to his request to use medical marijuana.

The Government argues that Defendant's Petition should be denied for several reasons. (Docket No. 551). First, marijuana possession or use is illegal under federal law, and there is no federal exception permitting medical marijuana. (*Id.* at 1-2). Second, prohibiting violations of federal law is a mandatory condition of pretrial release. (*Id.* at 2-3). Finally, Defendant has not established that he is using medical marijuana consistent with Pennsylvania regulations. (*Id.* at 3-4).

## II.    DISCUSSION

The Bail Reform Act provides that any defendant who is on pretrial release must "not commit a Federal, State, or local crime during the period of release." 18 U.S.C. §§ 3142(b), (c)(1)(A). This provision makes clear that Defendant's compliance with federal law is a mandatory condition of his pretrial release. Despite the undisputed applicability of this mandatory release

condition, Defendant requests that the Court modify it to permit him to use medical marijuana. (Docket No. 532).  For reasons this Court previously expressed in *United States v. Perla*, Crim. No. 20-281, 2021 WL 461881 (W.D. Pa. Feb. 9, 2021) (denying defendant's request that the Court modify the condition of pretrial release which requires that he must not violate federal, state or local law to allow his use of medical marijuana), and reiterated below, the Court must deny Defendant's request.  Although Pennsylvania has legalized medical marijuana use under certain regulated conditions, the possession of marijuana violates federal law, contrary to the clear requirement of the Bail Reform Act.

Pennsylvania's Medical Marijuana Act of 2016 ("MMA") provides that the "use or possession of medical marijuana . . . is lawful within this Commonwealth" so long as a "patient" meets certain requirements. 35 PA. CONS. STAT. § 10231.303.  In order to use medical marijuana, a patient first must obtain a certification from an approved practitioner who has determined that he is likely to receive "therapeutic or palliative benefit from the use of medical marijuana." *Id.* §§ 10231.401(a); 10231.403(a)(1), (a)(4).  Among other matters, the certification must affirm that the patient has at least one of seventeen qualifying serious medical conditions for which he is under the practitioner's continuing care.  *Id.* §§ 10231.103; 10231.403(a)(2), (a)(3).  A patient with an approved certification then must apply for an identification card which, if issued, would allow him to obtain medical marijuana from an approved dispensary.  *Id.* §§ 10231.303(b)(1)(i); 10231.501; 10231.801(a).  Medical marijuana only may be dispensed in certain forms, and the patient must carry a valid identification card any time he is in possession of it.  *Id.* §§ 10231.303(b)(2), (b)(7); 10231.304(b).

Although Pennsylvania has legalized certain forms of medical marijuana subject to the various conditions outlined above, it is undisputed that the possession of marijuana remains illegal under federal law. *See* 21 U.S.C. § 844(a). Notably, the federal statute does not make any exception for medical marijuana. *See Gonzales v. Raich*, 545 U.S. 1, 27 (2005) (emphasizing that the Controlled Substances Act "designates marijuana as contraband for *any* purpose; in fact, by characterizing marijuana as a Schedule I drug, Congress expressly found that the drug has no acceptable medical uses."); *United States v. Bey*, 341 F. Supp. 3d 528, 530 (E.D. Pa. 2018) ("The Controlled Substances Act contains no exception—express or implied—for medically-prescribed marijuana."). The *Bey* court explained that the Supremacy Clause mandates that federal law preempts state law in this context:

> The Supreme Court's interpretation of the Controlled Substances Act compels we conclude [the defendant] may not use medical marijuana under federal law. A Pennsylvania statute or policy to the contrary cannot override a conflicting federal statute, as '[t]he Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail.'

*Id*. at 531 (quoting *Raich*, 532 U.S. at 29). Given that "federal law preempts Pennsylvania's limited permission to use and possess doctor-prescribed medical marijuana," the court held that "[p]ersons released from prison subject to this Court's supervised release—as with all Pennsylvanians—may not use, possess or distribute marijuana under federal law." *Bey*, 341 F. Supp. 3d at 529.

As in *Bey*, other courts which have examined this issue also have concluded that a defendant who is under federal court supervision may not use marijuana pursuant to a prescription issued in compliance with a state law. *See United States v. Schostag*, 895 F.3d 1025, 1028 (8th Cir. 2018) (A "district court ha[s] no discretion to allow [a supervisee] to use medical marijuana

while on supervised release."); *United States v. Harvey*, 659 F.3d 1272 (9th Cir. 2011) (affirming district court's revocation of supervised released based on its determination that a defendant's use of marijuana, pursuant to a physician's recommendation, was unlawful under federal law); *United States v. Kelly*, 419 F. Supp. 3d 610, 611 (W.D.N.Y. 2019) (denying request to modify pretrial release conditions to permit the defendant to participate in a medical marijuana program given that "[c]ompliance with federal law is a mandatory condition of release"); *Bey*, 341 F. Supp. 3d at 531 ("[A] federal supervisee's state-authorized possession and use of medical marijuana violates the terms of federal supervised release."); *United States v. Johnson*, 228 F. Supp. 3d 57, 58-59 (D.D.C. 2017) (recognizing that a defendant under federal supervision may not use medical marijuana even if that use complies with state law); *United States v. Pearlman*, Crim. No. 3:17CR00027(MPS), 2017 WL 7732811, at *8 (D. Conn. July 7, 2017) (denying the defendant's request to remove the drug testing condition of his pretrial release so that he could participate in a state-sanctioned medical marijuana program given that the condition not to violate federal law is "mandatory and not waivable").

In view of the Bail Reform Act's clear directive that a defendant who is on pretrial release must "not commit a Federal, State, or local crime during the period of release," the fact that the possession of marijuana is a violation of federal law and there is no exception for medical marijuana, and for the reasons stated in the cases cited above, the Court is unable to modify Defendant's pretrial release conditions to permit him to use medical marijuana and will deny his Motion.[1]

---

[1] The Court is cognizant that courts in this District have reached differing conclusions as to whether a defendant who is under federal supervision is permitted to use medical marijuana if such use complies with Pennsylvania law. *Compare United States v. Johnson*, Crim. No. 20-86, Docket No. 44 (W.D. Pa. Nov. 3, 2020) (Ranjan, J.) (permitting use); *United States v. Hooper*, Crim. No. 19-142, Docket No. 64 (W.D. Pa. Aug. 6, 2020) (Bissoon, J.) (same); *United*

### III.    CONCLUSION

Possession of marijuana remains illegal under federal law, and Defendant's compliance with federal law is a mandatory condition of his pretrial release.  Accordingly, Defendant's request to use medical marijuana while on pretrial release is denied.[2]

An appropriate order follows.

### ORDER OF COURT

AND NOW, this 14th day of December, 2021, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Defendant's Petition for Permission to Accept Medical Treatment (Docket No. 532) is DENIED.  All conditions set forth in the Order Setting Conditions of Release (Docket No. 223) remain in effect.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record
            United States Probation Office

---

*States v. Martin*, Crim. No. 09-98, Docket No. 133 (W.D. Pa. Apr. 24, 2019) (Cercone, J.) (same) *with United States v. Neely*, Crim. No. 21-279, 2021 WL 5360078 (W.D. Pa. Nov. 17, 2021) (Conti, J.) (prohibiting use); *United States v. Attisano*, Crim. No. 20-354, 2021 WL 3860668 (W.D. Pa. Aug. 30, 2021) (Colville, J.) (same); *United States v. Mitchell-Yarbrough*, Crim. No. 18-32, 2021 WL 3738911 (W.D. Pa. Aug. 24, 2021) (Fischer, J.) (same); *United States v. Cannon*, Crim. No. 21-33, Docket No. 36 at 7 (W.D. Pa. May 18, 2021) (Schwab, J.) (same).  For reasons explained herein, this Court concludes that Defendant's possession and use of medical marijuana while on pretrial release is impermissible because it would violate federal law, contrary to the clear mandate of the Bail Reform Act.

[2]        As explained in *Neely*, "[t]he Consolidated Appropriations Act Rider of 2020 (the "Rider"), which 'prohibits [the Department of Justice] . . . from using funds to prevent Pennsylvania from implementing its own laws that authorize the use, distribution, possession, or cultivation of medical marijuana,' does not compel a different conclusion." *Neely*, 2021 WL 5360078, at *3, n.1 (quoting *Mitchell-Yarbrough*, 2021 WL 3738911, at *8).  "Courts have recognized that the Rider is relevant—if at all—only when a defendant invokes the Rider as a means for preventing the DOJ from expending funds to prosecute federal marijuana violations that otherwise comply with state law.  Thus, the Rider becomes relevant—if at all—only if or when the Probation office petitions to violate [a] Defendant under the terms of his release and the Government attempts to prosecute said petition." *Id.* (internal quotation marks and citation omitted); *see also Perla*, 2021 WL 461881, at *4 & n.2 (finding Appropriations Rider argument premature where "there [wa]s no pending petition charging that Defendant has violated any condition of his pretrial release" and "Defendant's compliance with the MMA [wa]s not before the Court").